UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW J. TYRA,                )<br>                                              )<br>            Plaintiff,              )<br>                                              )<br>        v.                                 )      No. 1:21-cv-00340-JPH-MPB<br>                                              )<br>STATE OF INDIANA,          )<br>                                              )<br>            Defendant.         )  | |

**Order Addressing Filing Fee, Screening Complaint,
and Directing Plaintiff to File an Amended Complaint**

Plaintiff Matthew Tyra, an inmate at Indiana State Prison, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Filing Fee**

The plaintiff shall have through **March 12, 2021**, in which to either pay the $402.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on February 10, 2021. 28 U.S.C. § 1915(a)(2).

**II. Screening of the Complaint**

A. *Screening Standard*

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

B. *Discussion*

Mr. Tyra sues the State of Indiana. He also appears to name Dana Kenworthy, an Indiana judge, as a defendant. He alleges: "All of the Department has violated my rights of the constitution that pertain to use of force…." Dkt. 1, p. 2. He also alleges that the State authorized a doctor to prescribe medication that his harmful to him. *Id.*, p. 3. He further appears to complain that, when he was convicted of murder, he was placed in the adult system when he was under 25 years old. *Id.* For relief he states: "I would like a law to be place[d] over juveniles to separate them from corrupted adults not forcing them to be placed in threat of life and/or limb…." *Id.*, p. 4.

Based on the screening standard set forth above, the complaint must be dismissed.

First, the plaintiff cannot sue the State of Indiana because the Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005).

Next, the plaintiff has not identified any individuals who are allegedly responsible for his injuries involving excessive force or improper medical treatment. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City*

*of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Finally, while the plaintiff appears to sue Judge Kenworthy for committing him to prison, a judge is entitled to immunity for actions taken in the course of court proceedings. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). And if the plaintiff wants to challenge the fact or duration of his confinement, he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting his state court remedies.

### III. Conclusion and Opportunity to File an Amended Complaint

As discussed above, the plaintiff has **through March 12, 2021**, to pay the $402.00 filing or file a motion to proceed *in forma pauperis*.

In addition, the complaint has been dismissed. The plaintiff shall have **through March 12, 2021,** in which to **file an amended complaint.**

The amended complaint must include the case number in the caption of this Order. The amended complaint should also comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). This means that the amended complaint should state who did what and how their actions harmed the plaintiff. The

plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The **clerk shall include** a form motion to proceed *in forma pauperis* and a form complaint with the plaintiff's copy of this Order.

If the plaintiff does not address the filing fee and file an amended complaint by March 12, 2021, this action will be subject to dismissal for failure to pay the filing fee and failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Date: 2/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MATTHEW J. TYRA
242227
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360