UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW J. TYRA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-00340-JPH-MPB |
| STATE OF INDIANA, | ) |
| Defendant. | ) |

**Order Dismissing Complaint and Directing Entry of Final Judgment**

Plaintiff Matthew Tyra, an Indiana inmate, brought this lawsuit against the State of Indiana and Dana Kenworthy, an Indiana judge, alleging that he has received harmful medication and challenging his placement in "the adult system" when he was under 25 years old. The Court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failure to state a claim upon which relief can be granted. Dkt. 4. The Court explained that Mr. Tyra cannot sue the State because it is entitled to sovereign immunity, that Judge Kenworthy is entitled to judicial immunity, and that Mr. Tyra had not identified a defendant who was personally responsible for the alleged deprivations of his rights. *Id.* Mr. Tyra has filed an Amended Complaint, which is also subject to the screening requirement.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

1

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Mr. Tyra names the Warden of the Indiana State Prison and the State of Indiana as defendants in the Amended Complaint. Similar to the original complaint, he asserts that he has been subjected to psychotropic medication. He also seems to challenge his conviction, apparently asserting that he confessed under duress.

Based on the screening standard, Mr. Tyra's complaint must be dismissed. Mr. Tyra raises somewhat different claims in the Amended Complaint than he did in the original complaint. To the extent that he can be understood to challenge his medical treatment, he still has not identified anyone responsible for this treatment. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). In the Amended Complaint he also challenges his conviction. But such a claim must be brought as a petition for a writ of habeas corpus, not a civil rights case. *Heck v. Humphrey,* 512 U.S. 477 (1994) (holding that where success in a prisoner's [42 U.S.C.] § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The Court notes that Mr. Tyra

has already filed an unsuccessful petition, *see Tyra v. State*, 2:20-cv-235-JMS-MJD, but this does not entitle him to attempt to seek relief in a civil rights case.

Because the Amended Complaint fails to state a claim upon which relief can be granted, it is dismissed.

Judgment consistent with this order shall now issue.

**SO ORDERED.**

Date: 3/19/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MATTHEW J. TYRA
242227
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360